E-FILED
Thursday, 20 January, 2011 02:04:19 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| PAUL G. BRADSHAW, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 09-cv-1394 |
| PHILLIP MACLIN and JOANNE JORDAN, | ) |
| Defendants. | ) |

## O R D E R  &  O P I N I O N

Before the Court is Defendants' Motion for Summary Judgment (Doc. 10), which was filed on November 30, 2010. Pursuant to Local Rule 7.1(D)(2), Plaintiff had until December 27, 2010 to file its Response; he failed to do so. For the following reasons, Defendants' Motion for Summary Judgment is GRANTED.

### INTRODUCTION

On October 22, 2009, Plaintiff Paul Bradshaw filed a Complaint in the Circuit Court of the Tenth Judicial Circuit of Illinois, Peoria County, seeking to recover damages from Defendants Phillip Maclin and Joanne Jordan. (Doc. 1-1). Both Defendants are employed by the City of Peoria; Defendant Maclin as a Fire Inspector and Defendant Jordan as a Code Enforcement Inspector. (Doc. 1-1). According to Plaintiff, the Defendants violated his rights under the United States and Illinois constitutions when they conducted inspections of his apartment

buildings on March 18, 2009.[1] (Doc. 1-1). On November 25, 2009, Defendants removed the case to this Court. (Doc. 1). Plaintiff did not object to removal, and the parties agreed to *ex parte* mediation by Magistrate Judge Cudmore. Mediation, however, was unsuccessful (Text Order of 6/15/2010), and on November 30, 2010 Defendants filed the instant motion.

## LEGAL STANDARD

Pursuant to Local Rule 7.1(D)(2), a failure to respond to a motion to dismiss will be deemed an admission of the motion. Such admission, however, is only as to the material facts as they have been presented by the moving party. *Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir. 1994). Before entering judgment in favor of the moving party, the Court must analyze whether those undisputed material facts entitle the moving party to judgment as a matter of law. *Id.*

## UNDISPUTED MATERIAL FACTS[2]

Plaintiff owns four buildings in the Kingsway Apartment complex, located in Peoria, Illinois. (Doc. 10 ¶ 1).[3] The buildings owned by Plaintiff are buildings E, F, G, and H, each of which is comprised of 12 or more units. (Doc. 10 ¶ 2). On March 12, 2009, Defendant Maclin was conducting an annual fire prevention inspection of buildings A through D, which are adjacent to the buildings owned by Plaintiff. (Doc. 10 ¶ 6). While he was conducting his inspection, Defendant Maclin was

---

[1] These inspections led to the issuance of citations for various city code violations. (Doc. 1-1).
[2] In accordance with the applicable legal standard, these facts are taken from Defendants' Motion for Summary Judgment.
[3] The Court will used paragraph numbers to refer to the corresponding Undisputed Material Fact, as alleged by Defendants in their Motion for Summary Judgment, beginning on page five.

2

approached by Barry Kasminski, who informed him that his apartment unit, Unit E-2, had experienced flooding from heavy rain and that when he informed Plaintiff of this problem he received a 5-day notice to evict the property. (Doc. 10 ¶ 6-7). Kasminski also told Defendant Maclin that he was the maintenance worker for buildings E through H. (Doc. 10 ¶ 6). Defendant Maclin did not inspect Kasminski's unit that day, but rather referred him to the Code Enforcement Department for the City of Peoria. (Doc. 10 ¶ 8).

Also on March 12, 2009, Defendant Jordan was assigned to respond to a complaint from Brianna Powell, a tenant of Unit E-1, that she had mold in her bathroom due to a break in a water pipe near her unit. (Doc. 10 ¶ 9). Defendant Jordan called Plaintiff to report the complaint and learn whether the problem had been corrected. (Doc. 10 ¶ 10). However, because she did not receive a clear response from Plaintiff, Defendant Jordan arranged for an inspection of Unit E-1 with Powell and Kasminski on March 18, 2009. (Doc. 10 ¶ 12).

On March 18, 2009, Defendants Jordan and Maclin went to Building E of the Kingsway Apartments and were met by Kasminski and Powell. (Doc. 10 ¶ 12). After Powell let Defendants into her unit, Unit E-1, Defendant Jordan took field violation report notes and photographs of what she observed. (Doc. 10 ¶ 12-13). Kasminski then took the Defendants to the common areas and utility room of Building E, using his own set of keys for access. (Doc. 10 ¶ 14). Defendant Maclin did not conduct a full fire prevention inspection of the apartments at that time. (Doc. 10 ¶ 13).

Following their visit to the Kingsway Apartments on March 18, 2009, Defendant Jordan initiated housing cases against Plaintiff for housing code violations and Defendant Maclin attempted to arrange for a full fire prevention inspection of Plaintiff's buildings. (Doc. 10 ¶¶ 15-16). On March 30, 2009, Defendants returned to Kingsway Apartments and met Jeff King, who told them that he was an authorized agent for Plaintiff. (Doc. 10 ¶ 17). King allowed Defendants into the common areas of Buildings E, F, G, and H, as well as Unit E-2, to which he had a key. (Doc. 10 ¶ 17-18). During this visit Defendant Maclin conducted his full fire prevention inspection, and Defendant Jordan took photographs of Unit E-2. (Doc. 10 ¶¶ 18-19).

Both Defendants conducted subsequent inspections of Plaintiff's buildings, in accordance with requests from Plaintiff. (Doc. 10 ¶¶ 22-23). No inspections were ever made of any occupied unit with consent from the tenant, nor were any inspections made of common areas without consent from the tenant or property manager. (Doc. 10 ¶¶ 24-25).

## DISCUSSION

In their Motion for Summary Judgment, Defendants argue that 1) Plaintiff has no legitimate expectation of privacy in rental units that he does not occupy, 2) Defendants warrantless entry and search of the buildings common areas were based on consent from Plaintiff's agent, and 3) even if Defendants did violate Plaintiff's right be free from unreasonable search and seizure, they are entitled to qualified immunity. (Doc. 10 at 10-17). Further, Defendants argue that they did not violate the Peoria City Code because they performed their inspections based on citizen

4

complaints and as part of the annual fire inspection, and that even if they did, there is no constitutional violation merely because the city officials failed to comply with the City's own ordinance. (Doc. 10 at 14). Because the Court finds that the Defendants entered the premises pursuant to their reasonable reliance on third party consent, it need not consider Defendants' other arguments, and Defendants are entitled to judgment as a matter of law.

Plaintiff's Complaint alleges that Defendants improperly searched the premises of his apartment buildings in violation of the Fourth Amendment.[4] Generally, the Fourth Amendment prohibits government officials from searching or inspecting a person's property without first obtaining a warrant. *Payton v. New York*, 445 U.S. 573 (19800. It is undisputed in this case that the Defendants did not have a warrant to search and inspect the apartments owned by Plaintiff. However, the Fourth Amendment also recognizes as valid warrantless entry and inspection of a premises when government officials obtain the voluntary consent of a person who shares, or is reasonably believed to share, common authority over the premises to be inspected. *Georgia v. Randolph*, 547 U.S. 103, 106 (2006).

---

[4] Plaintiff also alleges that these searches violated his rights under Article One, Section Six of the Illinois Constitution, which reads "The people shall have the right to be secure in their persons, houses, papers and other possessions against unreasonable searches, seizures, invasions of privacy or interceptions of communications . . . . No warrant shall issue without probable cause, supported by affidavit particularly describing the place to be searched and the persons or things to be seized." The Illinois Supreme Court has held that the Fourth Amendment and this Illinois constitutional provision provide equal protections, except for in a narrow set of circumstances not applicable to this case. *People v. Lampitok*, 798 N.E.2d 91, 99 (Ill. 2003). Accordingly, the Court will only engage in an analysis under the Fourth Amendment. *See id.*

Here, the undisputed material facts show that all of the inspections performed by Defendants Maclin and Jordan were done pursuant to the consent of Brianna Powell, Barry Kasminski, and/or Jeff King. On March 18, 2009, the Defendants were allowed into Unit E-1 by Brianna Powell, the current resident of the premises. (Doc. 10 ¶ 12). They were then led through the common areas and utility room of Building E by Barry Kasminski, who stated that he was a maintenance worker and inhabitant of the building, and who had keys to the premises. (Doc. 10 ¶ 14). On March 30, 2009, the Defendants were met by Jeff King, who indicated that he was Plaintiff's authorized agent. (Doc. 10 ¶ 17). Mr. King then led the Defendants into the common areas of Buildings E, F, G, and H, as well as Unit E-2. (Doc. 10 ¶ 17-18). Mr. King had the keys with which to access all of these premises. (Doc. 10 ¶ 18).

Clearly, Brianna Powell had the authority to consent to the inspection of her own apartment, as she had possession and control of the premises. *United States v. Matlock*, 415 U.S. 164, 171 (1974). With regards to the inspections of the other areas, because both Mr. Kasminski and Mr. King identified themselves as agents or employees of the Plaintiff and had the keys with which to access all inspected areas, the Defendants were reasonable in their belief that these men had the authority to consent to an inspection thereof. *See United States v. King*, ---F.3d---, 2010 WL 4909460, at *4 (7th Cir. Dec. 3, 2010) (holding that an employee had apparent authority to consent to the search of a restaurant when he had the keys to the restaurant and knew the code to deactivate the alarm, even though the police

officers knew that the employee was not the actual owner of the property).[5] Because the Defendants performed all inspections pursuant to the consent of persons with actual or apparent authority over the areas inspected, their inspections were valid for purposes of the Fourth Amendment. Accordingly, based upon the undisputed facts, Plaintiff's claims for violations of his constitutional rights fail, and Defendants are entitled to judgment as a matter of law.

## Conclusion

For the foregoing reasons, Defendants' Motion for Summary Judgment is GRANTED. The Clerk is directed to enter judgment in favor of Defendants and against Plaintiff. IT IS SO ORDERED.

CASE TERMINATED.

Entered this <u>20th</u> day of January, 2011.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge

---

[5] Because Kasminski and King had apparent authority to consent to the inspection, the Court need not consider whether or not they also had actual authority.